UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
___GREENVILLE___ DIVISION

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Myrna Braswell Lindsey** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

Case number:
(If known)

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

# CHAPTER 13 PLAN

### Part 1:   Notices

**Definitions:** Definitions of several terms used in this Plan appear online at https://www.nceb.uscourts.gov/local-forms under the heading "Chapter 13 Plan Definitions." These definitions also are published in the Administrative Guide to Practice and Procedure for the United States Bankruptcy Court for the Eastern District of North Carolina.

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable.

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated if the plan is confirmed.** You should read this plan carefully and discuss it with your attorney if you have an attorney in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the United States Bankruptcy Court for the Eastern District of North Carolina ("Court"). **The Court may confirm this plan without further notice if no objection to confirmation is filed.** In addition, you may need to file a timely proof of claim in order to be paid under any confirmed plan.

Only allowed claims will receive a distribution from the Trustee, and all payments made to creditors by the Trustee shall be made in accordance with the Trustee's customary distribution process. When required, pre-confirmation adequate protection payments shall be paid in accordance with Local Rule 3070-1(c). Unless otherwise ordered by the Court, creditors not entitled to adequate protection payment will receive no disbursements from the Trustee until after the plan is confirmed.

The following matters may be of particular importance to you. *Debtors must check one box on each line of §§ 1.1, 1.2, and 1.3, below, to state whether or not the plan includes provisions related to each item listed. If an item is checked "Not Included," or if neither box is checked, or if both boxes are checked, the provision will not be effective, even if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.3, which may result in a secured claim being treated as only partially secured or wholly unsecured. This could result in the secured creditor receiving only partial payment, or no payment | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.5. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

### Part 2:   Plan Payments and Length of Plan

**2.1   The Debtor(s) shall make regular payments to the Trustee as follows:**
$ __150.00__ per __Month__ for __57__ months

*(Insert additional line(s), if needed.)*

**2.2   Additional payments.** (*Check one.*)

| Debtor | **Myrna Braswell Lindsey** | Case number | |
|---|---|---|---|

☑ **None.** (*If "None" is checked, the rest of this section need not be completed.*)
☐ **The Debtor(s) will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.** (*Insert additional rows, if needed.*)

**2.3** The total amount of estimated payments to the Trustee is $__8,550.00__.

**2.4** Adjustments to the Payment Schedule/Base Plan (*Check one*).

☑ **None.**

☐ **Confirmation of this plan shall not prevent an adjustment to the plan payment schedule or plan base.** The Trustee or the Debtor(s) may seek to modify the plan payment schedule and/or plan base within 60 days after the governmental bar date to accommodate secured or priority claims treated in Parts 3 or 4 of this Plan. This provision shall not preclude the Debtor or the Trustee from opposing modification after confirmation on any other basis.

**2.5** **Applicable Commitment Period, Projected Disposable Income, and "Liquidation Test."**
The Applicable Commitment Period of the Debtor(s) is **36** months, and the projected disposable income of the Debtor(s), as referenced in 11 U.S.C. § 1325(b)(1)(B), is $__0.00__ per month. The chapter 7 "liquidation value" of the estate of the Debtor(s), as referenced in 11 U.S.C. § 1325(a)(4), refers to the amount that is estimates to be paid to holders of non-priority unsecured claims. In this case, this amount is $__0.00__

## Part 3: Treatment of Secured Claims

**3.1 Lien Retention.**
The holder of each allowed secured claim provided for below will retain the lien on the property interest of the Debtor(s) or the estate until the earlier of:
   (a) payment of the underlying debt determined under nonbankruptcy law, or
   (b) discharge of the Debtor(s) under 11 U.S.C. § 1328.

**3.2 Maintenance of Payments and Cure of Default (if any)** (*Check one.*)
☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
☑ The current contractual installment payments will be maintained on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the Trustee ("Conduit") or directly by the Debtor(s), as specified below. Any arrearage listed for a claim below will be paid in full through disbursements by the Trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the Court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) will control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a timely filed proof of claim, the amounts stated below are controlling as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the Court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be paid by the plan.

| Creditor Name | Collateral | Current Installment Payment (including escrow) | Arrears Owed (if any) | Interest Rate on Arrearage (if appliable) |
|---|---|---|---|---|
| **Ditech Financial, LLC** | **1907 Oakdale Dr W Wilson, NC 27893  Wilson County Parcel No.: 3712-10-4989 Deed Book/Page: 1516/623 Deed Date: 03/31/1994** | $987.00 To be disbursed by: ☐ Trustee ☑ Debtor(s) | $0.00 | 0.00% |
| **One Main Financial** | **2010 Toyota 4 Runner 93,000 miles** | $490.00 To be disbursed by: ☐ Trustee ☑ Debtor(s) | $0.00 | 0.00% |

*Insert additional claims as needed.*

☐ **Other.** (*Check all that apply, and explain.*) The Debtor(s):
  **(a)** ☐  do intend to seek a mortgage modification with respect to the following loan(s) listed above: _____

  **(b)** ☑  do not intend to seek mortgage modification with respect to the following loan(s) listed above; _____

  **(c)** ☐  intend to: ____

| Debtor | Myrna Braswell Lindsey | Case number | |
|---|---|---|---|

**3.3 Request for Valuation of Security and Modification of Undersecured Claims.** *(Check one)*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if there is a check in the box "Included" in Part 1, § 1.1, of this plan, above.**

**Requests for Valuation of Collateral and Modification of Undersecured Claims for Real Estate may not be accomplished in this district in the absence of the filing and proper service of a motion and notice of motion specifically seeking such relief and giving the affected creditor the opportunity to object to the motion and request a hearing. Note that a separate motion must be brought if the collateral is real estate, but not if the collateral is personal property.**

☑ The Debtor(s) request that the Court determine the value of the collateral securing each of the claims listed below. For each non-governmental secured claim listed below, the Debtor(s) propose to treat each claim as secured in the amount set out in the column headed *"Amount of Secured Claim."* For secured claims of governmental units, unless otherwise ordered by the Court, the value of the collateral listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary valuation amount listed below. For each listed claim, the amount of the secured claim will be amortized and paid with interest at the stated rate over the life of the plan. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's entire claim will be treated as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on its proof of claim controls over any contrary amount listed in this paragraph. Secured creditors entitled to pre-confirmation adequate protection payments will receive the same pursuant to E.D.N.C. LBR 3070-1(c).

| Creditor Name | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate |
|---|---|---|---|---|---|---|
| Farmers Home Furniture - Wilson | $1,509.00 | Mattress, Box Spring, and Mattress Protector | $1,000.00 | $0.00 | $1,000.00 | 6.75% |

*Insert additional claims as needed.*

**3.4 Claims Excluded from 11 U.S.C. § 506(a).** *(check one)*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Avoidance of Judicial Liens or Nonpossessory, Nonpurchase-Money Security Interests.** *(Check one)*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 Surrender of Collateral.** *(Check one.)*
☐ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*
☑ The Debtor(s) will surrender the collateral listed below that secures the creditor's claim. Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) shall terminate as to the surrendered collateral and any co-debtor stay of 11 U.S.C. § 1301 shall terminate in all respects. No claim for a deficiency remaining due after the disposition of surrendered collateral will be allowed or paid unless the creditor timely files a proof of claim and, within 180 days after confirmation of the plan, amends the claim as necessary to show the remaining unsecured deficiency after the disposition of the surrendered collateral. Absent such timely filing and amendment of a claim, or an order by the Court extending the 180-day filing deadline, the surrender of the collateral shall be deemed in full satisfaction of the Debtor's contractual obligation to the creditor.

| Creditor Name | Collateral |
|---|---|
| Williamsburg Plantation | Timeshare |

*Insert lines for additional creditors and collateral, as needed.*

**Part 4:  Treatment of Fees and Priority Claims**

**4.1 General Treatment:** Unless otherwise indicated in this Part or in **Part 8, Nonstandard Plan Provisions,** the Trustee's fees and all allowed priority claims, will be paid in full without interest through Trustee disbursements under the plan.

**4.2 Trustee's Fees:** Trustee's fees are governed by statute and orders entered by the Court and may change during the course of the case. The Trustee's fees are estimated to be __**10.00**__ % of amounts disbursed by the Trustee under the plan and are estimated to total $__**855.00**__.

Debtor **Myrna Braswell Lindsey** Case number _____

**4.3 Debtor's Attorney's Fees.** *(Check one, below, as appropriate.)*
- [✓] Debtor(s)' attorney has agreed to accept as a base fee $ **4,750.00**, of which $ **58.50** was paid prior to filing. The Debtor(s)' attorney requests that the balance of $ **4,691.50** be paid through the plan.
- [ ] The Debtor(s)' attorney intends to apply or has applied to the Court for compensation for services on a "time and expense" basis, as provided in Local Rule 2016-1(a)(7). The attorney estimates that the total amount of compensation that will be sought is $____, of which $____ was paid prior to filing. The Debtor(s)' attorney requests that the estimated balance of $____ be paid through the plan.

**4.4 Domestic Support Obligations ("DSO's").** *(Check all that apply.)*
- [✓] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Priority Claims Other than Attorney's Fees and Those Treated in Section 4.4**
- [✓] **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Unsecured Non-priority Claims

**5.1** General Treatment. After confirmation of a plan, holders of allowed, non-priority unsecured claims that are not specially classified in § 5.2 below, will receive a pro rata distribution with other holders of allowed, non- priority unsecured claims from the higher of either the disposable income of the Debtor(s) over the applicable commitment period or liquidation test (see paragraph 2.5). Payments will commence after payment to the holders of allowed secured, arrearage, unsecured priority, administrative, specially classified unsecured claims, and the Trustee's fees.

Except as may be required by the "disposable income" or "liquidation" tests, or as may otherwise be specifically set forth in this Plan, no specific distribution to general unsecured creditors is guaranteed under this Plan, and the distribution to such creditors may change depending on the valuation of secured claims (including arrears) and/or the amounts which will be paid to holders of priority unsecured claims under this Plan, both of which may differ from the treatment set forth in Parts 3 and 4 of this Plan based on claims filed by secured and priority creditors, or based on further orders of the Court.

**5.2 Co-Debtor and Other Specially Classified Unsecured Claims.** *(Check one.)*
- [✓] **None.** *If "None" is checked, the rest of Part 5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are to be treated as specified. All other executory contracts and unexpired leases are rejected. Allowed claims arising from the rejection of executory contracts or unexpired leases shall be treated as unsecured non-priority claims under Part 5 of this Plan, unless otherwise ordered by the Court. *(Check one.)*
- [ ] **None.** *If "None" is checked, the rest of Part 6 need not be completed or reproduced.*

**[OR]**
- [✓] The executory contracts and unexpired leases listed below will be assumed ("A") or rejected ("R"), as specified below.

If assumed, post-petition installment payments on the claims listed below will be paid directly by the Debtor(s) according to the terms of the underlying contract. Any pre-petition arrears listed on an assumed executory contract/unexpired lease will be cured by payments disbursed by the trustee over the "Term of Cure" indicated, with interest (if any) at the rate stated.

| Lessor/Creditor Name | Subject of Lease/Contract | A or R | Pre-petition Arrears to be Cured *(if any)* | Interest Rate On Arrears | Term of Cure *(#of mos.)* | Current Mo. Pmt. | Contract or Lease Ends *(mm/yyyy)* |
|---|---|---|---|---|---|---|---|
| Progressive Leasing | Diamond Ring | A | $0.00 | 0.00% | 0 | $0.00 | / / |

*Insert additional leases or contracts, as needed.*

### Part 7: Miscellaneous Provisions

**7.1 Vesting of Property of the Bankruptcy Estate:** *(Check one.)*
Property of the estate will vest in the Debtor(s) upon:
- [✓] plan confirmation.
- [ ] discharge
- [ ] other: _____

Debtor  **Myrna Braswell Lindsey**                                      Case number

**7.2 Possession and Use of Property of the Bankruptcy Estate:** Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in the Debtor(s), property not surrendered or delivered to the Trustee (such as payments made to the Trustee under the Plan) shall remain in the possession and control of the Debtor(s), and the Trustee shall have no liability arising out of, from, or related to such property or its retention or use by the Debtor(s). The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. Â§ 363, all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**7.3 Rights of the Debtor(s) and Trustee to Object to Claims:** Confirmation of the plan shall not prejudice the right of the Debtor(s) or Trustee to object to any claim.

**7.4 Rights of the Debtor(s) and Trustee to Avoid Liens and Recover Transfers:** Confirmation of the plan shall not prejudice any rights the Trustee or Debtor(s) may have to bring actions to avoid liens, or to avoid and recover transfers, under applicable law.

### Part 8:  Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions.**

☑  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

### Part 9:  Signatures

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**

**If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.**

X  **/s/ Myrna Braswell Lindsey**                     X  _____
   **Myrna Braswell Lindsey**                            Signature of Debtor 2
   Signature of Debtor 1

   Executed on    **November 25, 2019**                  Executed on  _____

**By signing and filing this document, the Debtor(s) certify that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.**

X  **/s/ H. Frank Allen**                              Date  **November 25, 2019**
   **H. Frank Allen**                                           MM/DD/YYYY
   Signature of Attorney for Debtor(s)

**If this document is also signed and filed by an Attorney for Debtor(s), the Attorney also certifies, that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in E.D.N.C. Local Form 113, other than any nonstandard provisions included in Part 8.**

```
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF NORTH CAROLINA
                           GREENVILLE DIVISION
```

In the matter of:   MYRNA BRASWELLL LINDSEY   199/5304

```
                              SUMMARY
                          CHAPTER 13 PLAN
```

1. The future earnings of the debtor are submitted to the control of the court and debtor shall pay to the trustee $150.00 monthly for no more than 57 months.

2. From the payments so received, the trustee shall make disbursements as follows:

a. priority creditors as required by Section 507 of the Bankruptcy Code in deferred cash payments.
b. secured creditors whose claims are non-avoidable and duly filed and allowed if determined to be secured by the trustee. Avoidable secured creditors are to be treated as unsecured until status of their lien can be determined.
c. priority unsecured creditors.
d. creditors outside the plan are to be paid in accordance with their contracts.

3. The following shows creditors dealt with by the plan and their classification.

| Creditor Name | Debt | Security |
|---|---|---|
| **PRIORITY CREDITORS** | | |
| | | |
| **SECURED CREDITORS** | | |
| Farmers Home Furniture | $1,509.00 | Mattress (LOP) (CRAMDOWN – $1,000.00) |
| Williamsburg Plantation | $1,899.00 | Timeshare (SURRENDER) |
| | | |
| **SECURED CREDITORS (AVOIDABLE)** | | |
| | | |
| **CREDITORS OUTSIDE THE PLAN** | | |
| Ditech Financial | $84,000.00 | 1907 Oakdale Dr W Wilson, NC |
| One Main Financial | $16,400.00 | 2010 Toyota 4 |

|  |  | Runner |
|---|---|---|
| Progressive Leasing | $1,440.00 | Diamond Ring |

"END OF DOCUMENT"

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

IN THE MATTER OF:

**MYRNA BRASWELL LINDSEY**                          **CHAPTER 13**

**DEBTOR**

### CERTIFICATION OF SERVICE

I, H. Frank Allen, Attorney at Law, PO Box 1258, Tarboro, NC 27886-1258 certify:
That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age:
That on the 25 day of November, 2019, I served copies of the Chapter 13 Plan on the below indicated person(s), along with creditors on the attached mailing matrix at their respective addresses.

        Myrna Braswell Lindsey     (Debtor)
        1907 Oakdale Drive W
        Wilson, NC 27893

        Joseph A. Bledsoe III
        Chapter 13 Trustee
        PO Box 1618
        New Bern, NC 28563

        Bank of America     CERTIFIED MAIL
        Attn: Officer or Managing Agent
        PO Box 982238
        El Paso, TX 79998-2238

        Capital One Bank     CERTIFIED MAIL
        Attn: Officer or Managing Agent
        PO Box 30281
        Salt Lake City, UT 84130-9018

        Synchrony Bank     CERTIFIED MAIL
        c/o Credit Control LLC
        Attn: Officer or Managing  Agent
        5757 Phantom Drive Ste 330
        Hazelwood, MO 63042

        The Bank of Missouri CERTIFIED MAIL
        Total Card Visa
        Attn: Officer or Managing Agent
        PO Box 85710
        Sioux Falls, SD 57118

by depositing a copy thereof, postage prepaid, in the United States Mail addressed to the above listed persons.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: 11/25/2019

        H. FRANK ALLEN, ATTORNEY AT LAW

        /s/ H. Frank Allen
        H. Frank Allen
        NC State Bar No. 6480

AIU
PO Box 95252
Chicago, IL 60690-4000

Ditech Financial, LLC
P.O. Box 6172
Rapid City, SD 57709

NC Department of Revenue
OSD Bankruptcy Department
P.O. Box 1168
Raleigh, NC 27602

Aspen National Collection
P.O. Box 10689
Brooksville, FL 34603

Donnie Lindsey
1907 Oakdale Dr W
Wilson, NC 27893

NPAS
P.O. Box 99400
Louisville, KY 40269

Bank of America
P.O. Box 982238
El Paso, TX 79998-2238

Emerge Ortho PA, Triangle Orth.
c/o Bull City Financial Solutions
2609 N. Duke St., Ste 500
Durham, NC 27704

NPAS Inc
PO Box 751636
Charlotte, NC 28275

Best Buy / CBNA
P.O. Box 6497
Sioux Falls, SD 57117

Farmers Home Furniture - Wilson
1301 Ward Blvd.
Wilson, NC 27893

NPRTO South-East LLC
256 West Data Drive
Draper, UT 84020

Capital One Bank USA
P.O. Box 30281
Salt Lake City, UT 84130-9018

First Nationwide Mortgage Corp
G4313 Miller Rd
Flint, MI 48501

One Main Financial
P.O. Box 3251
Evansville, IN 47731-3251

CB / BryLane
PO Box 182789
Columbus, OH 43218

First Premier
3820 N Louise Ave.
Sioux Falls, SD 57107

Progressive Leasing
256 West Data Drive
Draper, UT 84020

CB / Woman Within
P.O. Box 6497
Columbus, OH 43218-9000

Internal Revenue Service
Central Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101

Quest Diagnostics Incorporated
C/O Credit Collection Services
P.O. Box 337
Norwood, MA 02062-0337

Client Services
3451 Harry S Truman Blvd
Saint Charles, MO 63301

LabCorp
P.O. Box 2240
Burlington, NC 27216

Raleigh Neurology
1540 Sunday Drive
Raleigh, NC 27607

Discover Financial Services, LLC
P.O. Box 15316
Wilmington, DE 19850-5316

Medworx Home Medical Supplies
950 County Line Rd., Ste. C
Ridgeland, MS 39157-1928

Recievables Outsourcing, LLC
P.O. Box 549
Lutherville Timonium, MD 21094

Southern Surgical Associates
c/o Amerassist AR Solutions
P.O. Box 26095 #500
Columbus, OH 43226

SYNCB/Amazon
Attn: Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

SYNCB/Belk
Attn: Bankruptcy Dept
P.O. Box 965028
Orlando, FL 32896

SYNCB/Care Credit
Attn: Bankruptcy Dept
PO Box 965064
Orlando, FL 32896

SYNCB/QVC
Attn: Bankruptcy Dept
PO Box 965060
Orlando, FL 32896

SYNCB/Walmart
Attn: Bankruptcy Dept
PO Box 965064
Orlando, FL 32896

Synchrony Bank
c/o Credit Control LLC
5757 Phantom Drive Ste 330
Hazelwood, MO 63042

The Bank of Missouri
Total Card Visa
P.O. Box 85710
Sioux Falls, SD 57118

Total Card Visa
PO Box 5069
Sioux Falls, SD 57117-5069

Vidant Health
P.O. Box 71095
Charlotte, NC 28272

Vidant Medical Group
P.O. Box 63019
Charlotte, NC 28263

Wells Fargo Home Mortgage
1 Home Campus
Des Moines, IA 50328

Williamsburg Plantation
4870 Longhill Road
Williamsburg, VA 23188

Wilson Co Tax Collector
113 Nash St E #100
Wilson, NC 27893

Wilson County EMS
P.O. Box 2425
Rocky Mount, NC 27802

Wilson Medical Center
c/o Capio Partners
2222 Texoma PY 150
Sherman, TX 75091

Wilson Medical Center
P.O. Box 751636
Charlotte, NC 28275